```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #_____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 6/9/2017
```

VICTOR H. ALVARADO BALDERRAMO, individually and on behalf of all other persons similarly situated,

                Plaintiff,

- against -

TAXI TOURS INC. d/b/a BIG TAXI TOURS, MICHAEL ALTMAN, and HERNANDO CASTRO, jointly and severally,

                Defendants.

**OPINION AND ORDER**

15 Civ. 2181 (ER)

Ramos, D.J.

        Victor H. Alvarado Balderramo ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), alleging that he and all other similarly situated employees are entitled to unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) other wages not timely paid from his former employer, Taxi Tours Inc. ("Taxi Tours"). Plaintiff brings this suit against Taxi Tours and two individual defendants—Michael Altman ("Altman") and Hernando Castro ("Castro").[1]

        Before the Court is Plaintiff's motion for conditional certification of a FLSA collective action constituting all tour bus operators employed by Taxi Tours within the three years prior to the filing of Plaintiff's March 23, 2015 complaint. Doc. 39. Also pending before the Court is Defendant's cross motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Doc. 42), and Plaintiff's cross motion to amend pursuant to Rule 15(a)

---

[1] Altman and Castro have not appeared in this action. Counsel for Taxi Tours, who does not represent Altman and Castro, asserts that Plaintiff has not properly served them to date. Doc. 43 at n.2.

of the Rules of Civil Procedure (Doc. 47).  For the following reasons, Plaintiff's motion for conditional certification is GRANTED, Defendant's cross motion for judgment on the pleadings is DENIED without prejudice, and Plaintiff's cross motion to amend is DENIED as moot.

I.     **Factual Background**[2]

Taxi Tours is a tour operator in New York City.  Amended Complaint (Am. Compl.) ¶ 13.  Altman and Castro, who Plaintiff alleges are owners, shareholders, officers, or managers of Taxi Tours' business, exercised substantial control over employees' functions, hours, and wages.  *See* Am. Compl. ¶¶ 14-19.  Plaintiff worked as a tour bus operator for Defendants from approximately July 2010 to April 2014.  *Id*. ¶¶ 21–22.  Plaintiff did not work for Defendants from approximately August 2013 to February 2014.  Affidavit of Plaintiff in Support of Motion to Conditionally Certify Collective Action ("Plaintiff's Aff.") ¶ 3.

Plaintiff alleges that from the time he first started working for Defendants and until approximately the beginning of 2013, he was denied minimum wage and overtime compensation for the hours he worked in excess of 40 hours per week.  According to Plaintiff, he worked approximately between 72 and 84 hours per week during the relevant time period.  *Id*. ¶ 5.  During that time, Plaintiff worked between 10 and 14 hours per day, and between six and seven days per week.  *Id*.  According to Plaintiff, Defendants paid him approximately $10 for the first 40 hours he worked per week, and no wages for the hours he worked in excess of 40 hours per week.  *Id*. ¶ 6.  Defendants paid Plaintiff by check and did not provide him a statement with each payment of wages.  Am. Compl. ¶¶ 25, 28.  Plaintiff continued to work over 40 hours per week after the beginning of 2013 and until he stopped working for Defendants.  *Id* ¶ 23.  However,

---

[2] The following facts, assumed to be true for purposes of the instant motion, are drawn from the allegations in the Amended Complaint and the declaration filed by Plaintiff in support of his motion.  *See She Jian Guo v. Tommy's Sushi, Inc.*, No. 14 Civ. 3964 (PAE), 2014 WL 5314822, at *1 n.1 (S.D.N.Y. Oct. 16, 2014).

2

Plaintiff has not alleged that Defendants failed to adequately compensate him for overtime after the beginning of 2013.

According to Plaintiff, Defendants employed between 8 and 10 other tour bus drivers who worked similar hours and were similarly unpaid and underpaid for overtime.  *See* Plaintiff's Aff. ¶ 8.  Plaintiff claims that he knows this information because he and the other drivers used to complain about their hours and wages with each other.

Plaintiff claims that during the time he worked for Defendants, Defendants did not post notices explaining the minimum wage rights of employees under the FLSA and the NYLL.  Am. Compl. ¶ 29.  Plaintiff alleges that he and the other tour bus drivers were uninformed of their rights during this time.  *Id*.

## II.     Procedural Background

On March 23, 2015, Plaintiff filed a complaint against Taxi Tours and Christopher Preston, who Plaintiff alleged was an owner, shareholder, officer, or manager of Taxi Tours. Doc. 1 ¶ 13.  Plaintiff failed to serve Taxi Tours and Preston with that complaint, and subsequently filed an Amended Complaint against Taxi Tours, Altman, and Castro on December 28, 2015.  Doc. 3.  Plaintiff alleges that Defendants violated the FLSA and the NYLL, and are liable for unpaid or underpaid minimum wages and overtime compensation.  Am. Compl. ¶¶ 1–2. Plaintiff brought his FLSA claims on behalf of himself and all similarly situated current and former employees of the Defendants during the three years prior to the filing of the complaint.

On October 14, 2016, Plaintiff filed a motion for conditional certification of a FLSA collective action constituting all tour bus operators employed by Defendants during the three years prior to the filing of the March 23, 2015 complaint.[3]  Plaintiff has not yet moved for

---

[3] Plaintiff's motion to conditionally certify defines opt-in plaintiffs as "all employees of the defendants in the employment of defendants" during the three years prior to the filing of the Complaint.  Pl.'s Mem. at 4.  However,

certification of the NYLL claims. On November 4, 2016, Taxi Tours filed its response to the motion, as well as a cross motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure. Doc. 43. On November 21, 2016, Plaintiff filed his reply in support of his motion to conditionally certify, his response to Taxi Tours' motion for judgment on the pleadings, and a cross motion to amend his complaint. Doc. 48. On December 2, 2016, Taxi Tours filed its reply in support of its motion for judgment on the pleadings and its response to Plaintiff's cross motion to amend. Doc. 49.

Plaintiff submitted written consent to become a party plaintiff under the FLSA on November 18, 2016. Doc. 44. As of the date of this Order, no one else has opted into the collective action.

## III. Legal Standards

### A. Motion to Conditionally Certify Collective Action Pursuant to the FLSA

Pursuant to the FLSA, an individual may file suit against an employer on behalf of himself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216(b). "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

---

Plaintiff's Proposed Order Conditionally Certifying the Collective Action defines opt-in plaintiffs as "all tour bus operators employed by the defendants" during the relevant time period. Moreover, Plaintiff's Proposed Notice states that only tour bus operators employed by Defendants during the relevant time period are able to join the lawsuit. Considering the more limited language in the proposed Order and Notice, the Court finds that Plaintiff intended to move to certify a collective action including tour bus operators only.

The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under Section 216(b). *See Myers*, 624 F.3d at 554–55; *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). This process entails an analysis of whether prospective plaintiffs are "similarly situated" at two different stages: an early "notice stage," and again after discovery is largely complete. *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)). At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If the court concludes that they are not similarly situated, the action may be "de-certified," and the opt-in plaintiffs' claims "may be dismissed without prejudice." *Id.*

Here, Plaintiff seeks an initial determination of the propriety of notice to potential opt-in plaintiffs. "Because minimal evidence is available" at this early stage of the proceedings, and because the Court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," Plaintiff faces a "relatively lenient evidentiary standard." *McGlone*, 867 F. Supp. 2d at 442 (quoting *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)). He must only make "a 'modest factual showing' that [he] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a

low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted). "Accordingly, in deciding whether to grant [Plaintiff's] motion, the Court must merely find some identifiable factual nexus which binds [Plaintiff] and potential class members together as victims of a particular practice." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012) (quoting *Sbarro*, 982 F. Supp. at 261) (internal quotation marks omitted).

In considering Plaintiff's motion, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). It merely "examines the pleadings and affidavits to determine whether the named plaintiff[] and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442. If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members. *Id*.

### B. Rule 12(b)(c) Motion for Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard of review to a Rule 12(c) motion as it does to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir.2006).

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

### C. **Rule 15(a) Motion to Amend**

Parties are entitled to amend their pleadings once, as a matter of course, within 21 days after serving the pleading or, if a responsive pleading is required, within 21 days after service of a responsive pleading or a Rule 12 motion.  Fed. R. Civ. P. 15(a)(1).  A party may not otherwise amend its pleading without either the written consent of the opposing party or leave of the court.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The Supreme Court has held that it would be an abuse of discretion, "inconsistent with the spirit of the Federal Rules," for a district court to deny leave without some justification, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

IV.     Discussion

       A. **Motion to Conditionally Certify Collective Action Pursuant to the FLSA**

Plaintiff moves to conditionally certify a collective action comprising all tour bus operators[4] employed by Defendants during the three years prior to the filing of the March 23, 2015 complaint. Plaintiff asserts that his Complaint and Affidavit in support of the motion "meet the modest factual showing that [he] and the putative party plaintiffs are similarly situated as having similar duties, similar hours, and subjection to similar illegal pay practices." Pl.'s Mem. at 9. Taxi Tours does not argue that Plaintiff has not provided the modest factual showing required to certify a collective action under the FLSA. Instead, Taxi Tours opposes conditional certification solely based on a statute of limitations argument. Taxi Tours also opposes certain aspects of Plaintiff's proposed notice. Each argument is addressed in turn.

                i. *Timeliness of Potential Opt-in Plaintiffs' Claims*

Taxi Tours argues that Plaintiff's motion to conditionally certify must be denied because the statute of limitations has expired for all potential opt-in plaintiffs, making conditional certification of a collective action "moot and wholly unnecessary." Def.'s Opp'n Mem. at 9. The FLSA provides a two-year statute of limitations period for claims of unpaid minimum wages or unpaid overtime compensation, and a three-year period for willful violations. 29 U.S.C. § 255(a); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). According to Plaintiff, the applicable statute of limitations is three years because Defendants' violations of the FLSA were willful. *See* Pl.'s Mem. at 4; Am. Compl. ¶ 12.

---

[4] *See* footnote 3.

8

Section 256 of the FLSA provides that in the case of a collective action, a claim is deemed commenced by an individual claimant:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the Court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear on the subsequent date on which such written consent is filed in the Court in which the action was commenced. 29 U.S.C. § 256.

Therefore, the statute of limitations period continues to run with respect to each opt-in plaintiff's collective action claim until that plaintiff files a written consent form. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitations on potential plaintiff's claims be tolled."). Written consents do not relate back to the original filing date of the complaint. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006); *see also Zhang v. Wen Mei, Inc.*, No. 14 Civ. 1647 (JS) (SIL), 2015 WL 6442545, at *13–14 (E.D.N.Y. Oct. 23, 2015) ("The act of filing a complaint does not, by itself, toll the statute of limitations . . . ."); *Gonzalez v. El Acajutla Rest., Inc.*, No. 14 Civ. 1513 (JO), 2007 WL 869583, at *4 (E.D.N.Y. Mar. 20, 2007) ("[A]n employee who does decide to join an FLSA lawsuit cannot rely upon the filing of the complaint to toll the applicable statute of limitations.").

Taxi Tours argues that even if the three-year statute of limitations for willful violations applies, because Defendants' alleged FLSA violations ceased in the beginning of 2013, the limitations period for all opt-in plaintiffs expired in the beginning of 2016. Def.'s Opp. Mem at 8, 9. According to Taxi Tours, none of the opt-in plaintiffs consented to join the lawsuit before their claims expired and it is now impossible for any of them to join, making conditional certification of a collective action moot. *Id.* at 9.

9

Plaintiff contends that the claims of party plaintiffs are not time-barred because equitable tolling applies. "Equitable tolling generally may be applied to avoid inequitable circumstances and may be applied as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (internal quotation marks and citations omitted). It is the plaintiff's burden to show that equitable tolling is warranted. *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir. 1990). When determining whether equitable tolling applies, a court must consider whether the plaintiff (1) has acted with reasonable diligence during the period he seeks to have tolled, and (2) has proved that circumstances are so extraordinary that the doctrine should apply. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003), *as amended* (July 29, 2003) (internal quotation marks and citations omitted).

Plaintiff argues that the statute of limitations should be equitably tolled until approximately March 2015 because Defendants failed to post the required notice of employee rights under the FLSA, and potential plaintiffs were therefore uninformed of their rights. Pl.'s Reply Mem. at 4. A plaintiff may be entitled to equitable tolling of the limitations period where the defendant fails to post adequate notice of its workers' wage rights, and the plaintiff shows that he did not learn of these rights through other means. *See, e.g.*, *Asp v. Milardo Photography, Inc.*, 573 F. Supp. 2d 677, 698 (D. Conn. 2008) ("[T]he trend regarding the failure to post FLSA notices . . . permits equitable tolling where the plaintiff did not consult with counsel during his employment and the employer's failure to post notice is not in dispute."); *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012) ("[F]ailure [to post wage and overtime notices] is not by itself sufficient to warrant equitable tolling; plaintiff must also show that she had not received notice of her rights through any other avenue.").

Courts in this Circuit have declined to rule on equitable tolling at the motion to dismiss stage because the factual record is typically limited. *See, e.g.*, *Mandarino v. Mandarino*, 180 Fed. Appx. 258, 261 (2d Cir. 2006) ("[T]he District Court should not have resolved the fact-specific equitable tolling issue on defendants' motion to dismiss."); *Upadhyay*, 848 F. Supp. 2d at 445 ("The resolution of this issue is thus heavily dependent on the facts of the case and cannot be decided on a motion to dismiss."); *Ayala v. Looks Great Servs., Inc.*, No. 14 Civ. 6035 (ADS) (SIL), 2015 WL 4509133, at *5 (E.D.N.Y. July 23, 2015) (citing cases).

The Court finds that there is an insufficient record at this time to determine whether the claims of potential opt-in plaintiffs are entitled to equitable tolling. Plaintiff's action is still in an early stage—notice has not been sent to potential opt-in plaintiffs. Whether tolling applies to the claims of potential opt-in plaintiffs is a highly factual issue that depends on what and when a plaintiff knew or should have known—an inquiry that is simply impossible to conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed. Due to the highly factual nature of equitable tolling, Plaintiff is entitled to an opportunity to show that the collective action claims are not time-barred after the factual record has been developed. Accordingly, the Court disagrees with Taxi Tour's argument that conditional certification should be denied because the claims of potential opt-in plaintiffs are necessarily time-barred. The Court notes, however, that Taxi Tours may renew its statute of limitations argument at a later stage by a summary judgment motion or at the time of trial.

Having found that the claims of potential opt-in plaintiffs are not necessarily time-barred, the Court will conditionally certify this case as a collective action and authorize that notice be sent to potential party plaintiffs.

### ii. *Scope of Notice*

Plaintiff requests that notice of this action be sent to all tour bus operators employed by Defendants during the three years prior to the filing of Plaintiff's March 23, 2015 complaint. *See* Proposed Notice at 2. Taxi Tours objects to the scope of the notice for two reasons. First, Taxi Tours argues that the notice's time period cannot be based on the date the complaint was filed. Def.'s Opp. at 10. The statute of limitations for FLSA collective action claims continues to run after the filing of the complaint until collective action members submit written consent forms; here, no potential opt-in plaintiff has consented. Therefore, Taxi Tours argues, the earliest date for purposes of the notice look-back period is the date on which conditional certification is granted. *Id.*

Notice is normally provided to those employed within three years of the date of the notice. *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) ("[B]ecause the three-year statute of limitations period for willful FLSA violations runs for each individual plaintiff until that plaintiff consents to join the action, notice should generally be directed to those employed within three years of the date of the mailing of the notice."). However, "because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (internal quotation marks omitted).

The parties' submissions in connection with the instant motion suggest that equitable tolling issues will play a prominent role. Because the conduct at issue ended in the beginning of 2013, limiting distribution of the notice to the three years prior to the notice risks excluding

12

potential opt-in plaintiffs who would have timely claims if equitable tolling applies. Moreover, Defendants will not be prejudiced by a potentially over-inclusive notice—they will have an opportunity to identify untimely claims once the factual record is developed. Accordingly, the Court finds it particularly appropriate in this case to key the notice period to the filing of the complaint.

Second, Taxi Tours argues that even if the Court permits Plaintiff to use the date of the filing of the complaint for purposes of the notice, the operative complaint is the Amended Complaint, not the initial complaint filed by Plaintiff on March 23, 2015. According to Taxi Tours, the March 23, 2015 complaint is a "legal nullity" because Plaintiff did not serve the complaint within 120 days of its filing, as required by Federal Rule of Civil Procedure 4(m), and filed the Amended Complaint nearly nine months later. Def.'s Opp. at 17. Pursuant to Rule 4(m), if a plaintiff does not serve the complaint within 90 days after it is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As stated, the purpose for basing the notice look-back period on the date of the filing of the complaint is to ensure that potential opt-in plaintiffs entitled to equitable tolling are not excluded from distribution of the notice. Keying the look-back period to the March 23, 2015 complaint will increase the likelihood that more party plaintiffs with timely claims consent to opt in, with the understanding that at the appropriate stage in the litigation, Defendants will have an opportunity to argue that each plaintiff's claim is untimely because equitable tolling does not apply. Accordingly, the Court will allow notice to be sent to tour bus operators who worked for Defendants during the three years prior to the filing of the March 23, 2015 complaint.

### i. Distribution of Notice

Plaintiff requests that Defendants post the notice of collective action in their place of business. Proposed Order Conditionally Certifying Collecting Action ¶ 5, 7. Taxi Tours objects on the ground that such postings are unnecessary and potentially prejudicial to its relationship with current employees. Def.'s Opp. at 11.

"Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citations omitted). "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013). While the relevant conduct in this case ceased in the beginning of 2013, it is possible that many affected tour bus operators still work for Defendants. Increasing the chances of reaching potential opt-in plaintiffs with timely claims outweighs Defendants' concerns. Accordingly, the Court grant's Plaintiff's request.

### B. Rule 12(c) Motion for Judgment on the Pleadings

Taxi Tours argues that it is entitled to judgment on the pleadings because Plaintiff's own FLSA claims, like those of potential opt-in plaintiffs, are time-barred. Def.'s Opp. Mem. at 14. As a preliminary matter, Taxi Tours contends that Plaintiff brings his FLSA claims as part of a collective action only, and not individually. *Id*. at 12. According to Taxi Tours, because Plaintiff brings his claims as part of a collective action, he was required to file written consent to join the

collective action before the statute of limitations expired in the beginning of 2016.[5]  *Id*.  Taxi Tours argues that the only document Plaintiff has filed with the Court that could be construed as written consent is his affidavit filed in support of the instant motion for conditional certification on October 14, 2016, which is beyond the statute of limitations.[6]  *Id.* at 14.  Therefore, Taxi Tours argues, Taxi Tours is entitled to judgment on the pleadings because Plaintiff's FLSA claims are time-barred, presumably because a plaintiff with untimely claims lacks standing to bring a collective action.

Plaintiff contends that his collective action claims are not time-barred because—as he argues in connection with the timeliness of potential opt-in plaintiffs' claims—he is entitled to equitable tolling.  Doc. 48 at 4.  For the same reasons discussed above, Plaintiff is entitled to an opportunity to demonstrate that equitable tolling applies to his own FLSA claims after the factual record has been developed.  Accordingly, Taxi Tours' motion for judgment on the pleadings is DENIED.

---

[5] Courts in this Circuit have held that a named plaintiff in a FLSA collective action must submit written consent to join the lawsuit—in addition to the complaint—before the statute of limitations expires.  *See Thind v. Healthfirst Mgmt. Servs., LLC*, No. 14 Civ. 9539 (LGS), 2015 WL 4554252, at *3 (S.D.N.Y. July 29, 2015) ("The statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form. . . .  [S]igned consents do not relate back to the original filing date of the complaint.  This is true even in the case of plaintiffs named in a timely-filed complaint.") (internal quotation marks and citations omitted); *Suarez v. S & A Painting & Renovation Corp.*, No. 08 Civ. 2984 (CPS) (JO), 2008 WL 5054201, at *1 (E.D.N.Y. Nov. 21, 2008) ("The requirement of written consent applies to each individually-named plaintiff.  As a result, notwithstanding the fairly obvious inference of consent to sue that could normally be drawn from a plaintiff's affirmative act of filing suit, the case law holds that a plaintiff who does not timely file an explicit statement of consent to join in his own lawsuit risks dismissal or the limitation of otherwise available damages."); *El v. Potter*, No. 01 Civ. 6125 (RWS), 2004 WL 2793166, at *9 (S.D.N.Y. Dec. 6, 2004) ("[A]ll plaintiffs, including named plaintiffs, must file written consents in order to begin their [FLSA collective action] lawsuits.").

[6] After Taxi Tours moved for judgment on the pleadings, Plaintiff filed a consent to join the collective action on November 18, 2016.

C. **Rule 15(a) Motion to Amend**

Plaintiff moved to amend the Amended Complaint, but only in the event that the Court found that the FLSA collective action is time-barred. Because the Court declines to rule on the timeliness of the collective action claims at this time, Plaintiff's motion to amend is moot. Accordingly, Plaintiff's motion to amend is DENIED.

V. **Conclusion**

For the reasons set forth above, Plaintiff's motion to conditionally certify the collective action is GRANTED, Taxi Tours' motion for judgment on the pleadings is DENIED without prejudice, and Plaintiff's motion to amend is DENIED as moot. The Clerk of the Court is respectfully directed to terminate the motions, Doc. 39, Doc. 42, and Doc. 47.

It is SO ORDERED.

Dated: June 9, 2017
      New York, New York

Edgardo Ramos, U.S.D.J.
United States District Judge