```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VICTOR H. ALVARADO BALDERRAMO,               :
individually and on behalf of all other persons  :
similarly situated,                           :
                                              :
                    Plaintiff,                :
                                              :
           - against -                        :      OPINION AND ORDER
                                              :      15 Civ. 2181 (ER)
TAXI TOURS INC., d/b/a BIG TAXI TOURS;        :
CHRISTOPHER PRESTON, jointly and severally;   :
MICHAEL ALTMAN, jointly and severally; and    :
HERNANDO CASTRO, jointly and severally,       :
                                              :
                    Defendants.               :
-----------------------------------------------------------------x
```

RAMOS, D.J.:

      Victor H. Alvarado Balderramo ("Plaintiff" or "Balderramo"), filed this class action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York labor laws, against Taxi Tours Inc., doing business as Big Taxi Tours ("Taxi Tours"), and jointly and severally against its owners, shareholders, officers, or managers, Christopher Preston ("Preston," effectively terminated on December 28, 2015), Michael Altman ("Altman"), and Hernando Castro ("Castro") (collectively, "Defendants"). Balderramo claims that he was employed by the Defendants as a tour bus operator and that, *inter alia*, they failed to pay him minimum and overtime wage. The Court granted Balderramo's motion for leave to conditionally certify the collective action, but he has taken no substantive action in the case in approximately eighteen months. Accordingly, Taxi Tours filed a motion for failure to prosecute.

      For the reasons set forth below, the Court DENIES Defendants' motion for failure to prosecute, without prejudice.

## I. Factual Background

Balderramo initiated the instant case over four years ago on March 23, 2015, purportedly on behalf of himself and others similarly situated. Doc. 1. Balderramo worked as a tour bus operator for Defendants from approximately July 2010 to April 2014, except between approximately August 2013 and February 2014. Doc. 3 ¶ 21; Doc. 40 ¶ 3. According to Balderramo, Defendants employed between eight to ten other tour bus drivers who worked similar hours and were similarly unpaid and underpaid for overtime during the relevant time period. Doc. 40 ¶ 8. He further alleges that he and the other tour bus drivers were uninformed of their minimum wage rights during this time. Doc. 3 ¶ 29.

Taxi Tours is a tour operator business in New York City. Doc. 3 ¶ 13. Altman, Castro, and Preston were allegedly owners, shareholders, officers, or managers of Taxi Tours and exercised substantial control over their employees' functions, hours, and wages. *Id.* ¶ 14–19. However, Preston was not affiliated with Taxi Tours prior to November 21, 2014. Doc. 68 ¶ 6. On December 28, 2015, Balderramo amended his complaint, removing Preston as a defendant. Doc. 3. The Court presumes familiarity with the remaining facts of the case pursuant to its June 9, 2017 Opinion and Order. Doc. 50.

## II. Procedural Background

On October 14, 2016, nineteen months after filing his initial complaint, Balderramo moved to conditionally certify the collective action, based on the FLSA claims only, and for permission to send notice of the litigation to the proposed plaintiffs. Doc. 39. Pursuant to FLSA, an individual may file suit against an employer on behalf of himself and others similarly situated who give consent in writing to become party plaintiffs pursuant to labor law 29 U.S.C. § 216(b). Doc. 50 at 4. District courts have discretion to facilitate collective actions by

authorizing notice to potential plaintiffs informing them of the pendency of the action and their opportunity to opt in as represented plaintiffs. *Id.* (citing *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014)).

On November 4, 2016, Taxi Tours opposed the motion to certify the class and filed a cross motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Docs. 42, 43. Taxi Tours argued that the potential opt-in plaintiffs' claims were time-barred because they did not submit a written consent to opt in before the end of the alleged FLSA three-year statute of limitations period. *Id.* at 9. Balderramo countered that the claims should be equitably tolled to approximately March 2015 for the opt-in plaintiffs because Defendants failed to post the required notice of employee rights under FLSA and so the potential plaintiffs were uninformed of their rights. *Id.* at 10. Balderramo filed his written consent to become a party plaintiff on November 18, 2016. Doc. 44. As of the date of this Opinion and Order, no one else has opted into the action.

On June 9, 2017, the Court denied judgment on the pleadings and instead granted Balderramo's request to certify a FLSA collective action constituting all tour bus operators employed by Taxi Tours within the three years prior to Balderramo filing the complaint on March 23, 2015. Doc. 50. The Court conditionally certified the class, authorized notice to potential opt-in plaintiffs, and gave Balderramo an opportunity to show that the collective action claims were not time-barred. *Id.* at 11.

However, despite this decision in his favor, Balderramo has not taken any substantive action in the docket since November 21, 2016, when he responded to the judgment on the pleadings and class certification motions. Docs. 47, 48. In December 2017, approximately six months after the Court's June 9, 2017 Opinion and Order, Taxi Tours reached out to Balderramo

and noted that they had not heard from him since then. Doc. 60, Ex. A. They questioned his interest in continuing to prosecute the case given the lengthy six-month silence. *Id.* The parties then conferred over the telephone and memorialized their conversation by email; they agreed that Taxi Tours would proffer certain documents for class discovery and discussed the terms of the notice Balderramo was to send to the purported class. *Id.*

On January 4, 2018, Balderramo sent Taxi Tours a proposed notice, which Taxi Tours sent back with redlined comments on January 12, 2018. *Id.* But Balderramo did not respond. Six months later, on July 13, 2018, Taxi Tours reached out to him again asking whether he planned to continue prosecuting the case and requesting an extension on the discovery documents. Doc. 71, Ex. A.[1] On June 3, 2019, after approximately eighteen months of silence from Balderramo, Taxi Tours asked the Court to hold a conference so they could request leave to file a motion to dismiss for failure to prosecute. Doc. 55. Balderramo did not respond to the letter motion but sent counsel to contest dismissal during the July 10, 2019 conference. Balderramo's counsel did not provide a reason for such a long delay in case activity but asked for time to continue the case. Taxi Tours filed the motion to dismiss on August 9, 2019, pursuant to Federal Rule of Civil Procedure 41(b). Doc. 58.

**III. Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Alternatively, a district court may *sua sponte* dismiss an action for lack of prosecution pursuant to Rule 41(b). *Minnette v. Time Warner*, 997

---

[1] Balderramo did not respond to Taxi Tours' email until September 6, 2019, *after* Defendants sought to dismiss the case for failure to prosecute. At that time, evincing no small amount of chutzpa, he also asked the Court for a conference in contemplation of filing a motion for sanctions against Taxi Tours pursuant to Rule 37(d)(A)(ii) for failing to respond to discovery demands. Doc. 71, Ex. A; *see also* Doc. 61.

4

F.2d 1023, 1027 (2d Cir. 1993). Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). District courts have discretion to effect dismissal pursuant to Rule 41(b). *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980); *accord Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

A failure to prosecute warranting Rule 41(b) dismissal can be evidenced by (1) an action lying dormant with no significant activity to move it forward, or (2) in a pattern of dilatory tactics, for example, "groundless motions, repeated requests for continuances or persistent late filings of court ordered papers.'" *Burgess v. Goodman*, No. 18-CV-6584 (VEC), 2019 WL 719199, at *2 (S.D.N.Y. Feb. 20, 2019) (citation omitted). To determine whether to dismiss a case under Rule 41(b) for failure to prosecute, district courts employ a balancing test that considers the following five factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions. *See, e.g.*, *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

### 1. Duration of Plaintiff's Failures

First, a delay of merely a matter of months may warrant dismissal. *Lyell Theatre Corp. v. Lowes Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982); *see also Chira*, 634 F.2d at 666 (holding failure to take any action during six-month period justified dismissal under Rule 41(b)). Balderramo's last substantive action in the case, prior to attending the July 10, 2019 conference, was to email a proposed notice for the purported class to Taxi Tours on January 4, 2018. Doc. 60, Ex. A. Taxi Tours returned a redlined version to him on January 12, 2018, but Balderramo did not respond until approximately nineteen months later, on September 6, 2019, where he said he had no objections to Taxi Tours' revisions. Doc. 60, Ex. A. *See West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (collecting cases where courts dismissed cases due to long periods of inactivity, ranging from six months to one year).

Balderramo contends that the primary reason for his delay in the case is Taxi Tours' failure to respond to the December 21, 2017 discovery demands. Doc. 69, 7. However, this argument is *non sequitur* and does not excuse Balderramo's inactivity, as it is, he, who had a duty to advance his case diligently. *Moreno v. Jeung*, 309 F.R.D. 188, 190 (S.D.N.Y. 2015) (citing Fed. R. Civ. P. 41(b)); *see also M & H Cosmetics, Inc. v. Alfin Fragrances, Inc.*, 102 F.R.D. 265, 267 (E.D.N.Y. 1984) ("The plaintiff is the party instituting the suit and therefore is expected to pursue his interests by prosecuting it. The defendant cannot be expected to provide the impetus to push the action forward.").

Balderramo's long period of inactivity is especially egregious as the Court noted in its June 9, 2017 Opinion and Order that equitable tolling claims would play a prominent role in the case. Doc. 50, 12. Balderramo had specifically challenged Taxi Tours' argument about the statute of limitations bar by alleging that the potential opt-in plaintiffs were uninformed about

their rights under FLSA and of their opportunity to sue. *Id.* at 10. The Court authorized such notice and conditionally certified the class to give Balderramo time to prove that was the case. *Id.* at 13. And yet, as of the date of this Opinion and Order, Balderramo has failed to both notify the potential class members and diligently pursue development of the factual record regarding the equitable tolling issue. Thus, not only has Balderramo failed in his duty as a plaintiff to diligently prosecute his case, but he has also withheld such an opportunity from the potential opt-in plaintiffs—whom he purported to bring the case on behalf of—by not providing them with notice. Doc. 3 ¶ 1.

2. **Prior notice of dismissal**

Second, notice is not required when plaintiff had knowledge of the consequences of his actions in regard to failure to prosecute the case. The Supreme Court and this Circuit have held that when the circumstances of the case provided a plaintiff with a warning of dismissal, then a prior notice or hearing was not required. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (holding district courts may dismiss complaint for failure to prosecute without affording notice or adversary hearing to plaintiff when circumstances make such action appropriate); *Lyell*, 682 F.2d at 42 (similarly holding lack of notice does not necessarily render dismissal void, rather, adequacy of notice or hearing turns on plaintiff's knowledge of consequences of his actions). In *Link*, the Supreme Court *sua sponte* dismissed the action for failure to prosecute when plaintiff's counsel failed to appear for a pre-trial conference and failed to indicate a reasonable excuse for his nonappearance. *Link*, 370 U.S. at 628–29. In *Lyell*, the plaintiff received three warnings that dismissal was possible, and defendant filed motions to dismiss, including for failure to prosecute, for which the court held hearings on. *Lyell*, 682 F.2d at 42.

Here, the record does not show circumstances that would have clearly notified Balderramo the consequences of his actions would result in dismissal, such as to make advance notice and hearing unnecessary. *Cf. United States v. Seltzer*, 127 F. Supp. 2d 172, 174 (E.D.N.Y. 2000) (holding circumstances provided adequate knowledge when court warned plaintiff about sanctions for being late to hearing). Taxi Tours' reliance on a Southern District of New York case where the plaintiff "halted" the litigation for five months is unavailing because said plaintiff was on notice of the possible sanction of dismissal. *Osborn v Montgomery*, No. 15 CV 9730 (NSR) (LMS), 2018 U.S. Dist. LEXIS 60985, at *7–8 (S.D.N.Y. Apr. 6, 2018). Balderramo's first warning of dismissal was Taxi Tours' letter motion for a conference to dismiss the action on June 3, 2019, and such notice does not apply retroactively to the prior period of inactivity. Doc. 55. In July 2019, Balderramo sent counsel to the pre-motion conference on the matter and expressed his desire to continue litigating the case. Accordingly, this factor weighs against dismissal.

### 3. Prejudice to Defendant

Third, prejudice to defendants resulting from unreasonable delays can be fairly presumed as a matter of law. *Lyell*, 682 F.2d at 43 (fifteen-month delay); *accord Chira*, 634 F.2d at 666–68 (six-month delay); *but see Drake*, 375 F.3d at 256–57 (holding presumption of prejudice is rebuttable depending on degree to which delay was lengthy and inexcusable) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). The *LeSane* court held that despite a presumption of prejudice, when there is no evidence in the record that plaintiff's delay caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself, then this factor holds less weight. *LeSane*, 239 F.3d at 210. Here, Defendants generally allege that recollections are not as strong and witnesses may no longer be available when there are long

delays in a case, but do not provide any details of how they were prejudiced. Doc. 73, 8. Thus, this factor weighs in favor of dismissal only slightly.

### 4. Balancing of Plaintiff's Due Process Rights and Court's Scheduling Interests

Fourth, under the circumstances, the Court's need to alleviate congestion does not outweigh Balderramo's due process rights. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 CV 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000). However, the Second Circuit has held that there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No such evidence was presented here. Additionally, where, as here, plaintiff's failure to prosecute was silent and unobtrusive, rather than vexatious and burdensome such as by swamping the court with irrelevant or obstructionist filings, dismissal due to the court's docket is not warranted. *Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014) (citing *LeSane*, 239 F.3d at 210). Accordingly, this factor weighs against dismissal.

### 5. Whether Lesser Sanctions Will Suffice

Fifth, here, the availability of lesser sanctions than dismissal with prejudice weigh against dismissal. A federal district court's authority to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be doubted. *Link*, 370 U.S. at 629–30; *see, e.g.*, *Watkins v. Matarazzo*, 2015 U.S. Dist. LEXIS 178636, at *28–29 (S.D.N.Y. Sept. 22, 2015) (holding court did not believe lesser sanctions would effectively ensure prosecution where plaintiff had disobeyed court's discovery order). However, the sound exercise of discretion requires judges to consider and use lesser sanctions than dismissal when appropriate. *Schenck v. Bear, Stearns & Co.*, 583 F.2d 58, 60 (2d Cir. 1978). Imposing a lesser sanction, such as an order requiring

plaintiff to move the case forward within a specified period of time, is sufficient to vindicate the Court's authority to manage its own affairs. *Id.* at 60–61 (citing *Link*, 370 U.S. at 630–31).

While Balderramo does not provide cause for his lengthy delay, the record does not indicate the lack of prosecution was motivated by an obstructionist litigation strategy. *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996) (holding suitability of lesser sanctions is connected to reasons for delay). Balderramo asserted that he is now available and ready to comply with Court orders and expressed his desire to continue prosecuting the case at the July 10, 2019 conference. Doc. 69, 14–15.

Accordingly, the Court directs Balderramo to send notice of the litigation to the purported class of opt-in plaintiffs within 30 days of this Opinion and Order. **Balderramo is hereby on notice that failure to comply with this or any other Court order, or further unreasonable or unexcused delays in prosecuting the case, may result in dismissal with prejudice.**

## IV. Conclusion

For the reasons set forth above, Taxi Tours' motion to dismiss is DENIED, without prejudice. The parties are directed to appear for a subsequent conference on November 15, 2019 at 3:30 P.M. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 58.

It is SO ORDERED.

Dated: October 11, 2019
New York, New York

Edgardo Ramos, U.S.D.J.