## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the last date in the signature block, below (the "Effective Date"), between Victor H. Alvarado Balderramo ("Plaintiff") on the one hand and Taxi Tours, Inc d/b/a Big Bus Tours New York ("Defendant") on the other hand. Plaintiff and Defendant are collectively referred to as the "Parties" and individually as a "Party".

### WITNESSETH

**WHEREAS,** on or about March 23, 2015, Plaintiff filed with the United States District Court for the Southern District of New York ("SDNY") a Complaint, Case No. 1:15-cv-2181-ER, on behalf of himself and all other persons similarly situated, alleging certain violations of the Fair Labor Standards Act and the New York State Labor Law by Defendant (hereinafter, the "Action"); and

**WHEREAS,** on or about December 28, 2015, Plaintiff filed a First Amended Complaint ("Complaint") in the Action; and

**WHEREAS,** on or about February 22, 2016, Defendant filed an Answer and Affirmative Defenses in the Action, asserting numerous meritorious affirmative defenses and denying the allegations in the Complaint; and

**WHEREAS,** Defendant has defended and intends to vigorously contest each and every claim in the Action and deny all material allegations of the Action, as to which Defendant has alleged numerous defenses which it contends are meritorious. Defendant, without admitting any wrongdoing or liability on its behalf, nevertheless has agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to, the Action against Defendant.

**WHEREAS,** the Parties have agreed to resolve this matter solely to avoid the costs and uncertainty of further litigation; and

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully and finally all of their past, present, and any future claims, disputes, and potential disputes that existed or may exist, relating to the allegations contained in Plaintiff's Complaint, pursuant to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

(The foregoing "Whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **<u>Settlement Amount.</u>**

   a. Defendant agrees to pay Plaintiff a total sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00) ("Settlement Amount"), inclusive of costs and attorneys' fees. All Parties shall bear their own costs and fees, except as otherwise provided herein. Said sum will be allocated as follows:

   (i) Defendant will issue a check in the total gross amount of Thirty-Three Thousand One Hundred Twelve Dollars and Sixty-Two Cents ($33,112.62), made payable to "Victor Alvarado Balderramo", which shall represent payment for alleged minimum wage and overtime wage damages and thus is subject to applicable tax deductions and withholdings, and for which an IRS Form W-2 shall be issued;

   (ii) Defendant will issue a check in the total gross amount of Thirty-Three Thousand One Hundred Twelve Dollars and Sixty-Three Cents ($33,112.63), made payable to "Victor Alvarado Balderramo", which shall represent liquidated damages and any interest allegedly owed (*i.e.*, non-wage damages), and for which an IRS Form 1099 shall be issued;

   (iii) Defendant will issue a check in the total gross amount of Thirty-Three Thousand Seven Hundred Seventy-Four Dollars and Seventy-Five Cents ($33,774.75), made payable to the "Law Office of Justin A. Zeller, P.C.", which shall represent payment of Plaintiff's attorneys' fees and costs and for which an IRS Form 1099 shall be issued.

   b. The checks described in Article 1(a) shall be delivered to Plaintiff's attorneys, Law Office of Justin A. Zeller, P.C., within thirty (30) days of the date that the Court approves this Agreement, provided that: (a) this Agreement and the Stipulation of Dismissal with Prejudice attached hereto ("Stipulation") are fully executed by the Parties; (b) the Court approves this Agreement and the settlement terms as stated herein; and (c) the Stipulation is So-Ordered by the Court. All checks shall be delivered to Plaintiff pursuant to Article 16 herein.

   c. It is the intent and desire of Plaintiff that the portion of the Settlement Amount pursuant to Article 1(a)(i) of this Agreement will be allocated as W-2 wage payments to compensate Plaintiff for alleged unpaid minimum wages and overtime wages and shall be subject to all applicable federal, state, and local tax withholdings. Plaintiff agrees to provide Defendant with a fully executed IRS form W-4 as a pre-condition to the issuance of this amount. Defendant shall issue an IRS Form W-2 to Plaintiff with respect to this payment of the Settlement Amount.

2

d.  It is the intent and desire of Plaintiff that the portion of the Settlement Amount made pursuant to Article 1(a)(ii) of this Agreement will not be attributable to, nor will it be considered as, in the nature of, or substitute for, wages. Rather, it is intended by Plaintiff that the portion of the Settlement Amount made pursuant to Article 1(a)(ii) of this Agreement be in the nature of non-wage damages. Defendant shall issue an IRS Form 1099 to Plaintiff with respect to the portion of the Settlement Amount paid pursuant to Article 1(a)(ii) of this Agreement. Plaintiff acknowledges and agrees that Defendant is not providing any tax advice or representation by this Agreement. Plaintiff is personally responsible for payment of all taxes and any tax liability resulting from the payment of any portion(s) of the Settlement Amount allocated as non-wage damages and interest. To the extent that there are any additional tax consequences to Plaintiff and/or Defendant arising from the payment of this portion of the Settlement Amount, other than those normally attendant to 1099 income, Plaintiff agrees to indemnify and hold Defendant harmless for all additional taxes, interest, and penalties. Plaintiff further agrees to indemnify and hold Defendant harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary. The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under Article 1 of this Agreement. Plaintiff agrees to provide Defendant with a fully executed IRS form W-9 as a pre-condition to the issuance of this amount.

e.  The portion of the Settlement Payment referred to in Article 1(a)(iii) shall be treated as 1099 income (for attorneys' fees and costs), not wages, under the Internal Revenue Code and any state or local applicable law or regulation. The Law Office of Justin A. Zeller, P.C. shall provide Defendant with a fully executed IRS form W-9 as a pre-condition to the issuance of this amount.

f.  The Parties acknowledge and agree that the Settlement Amount is being paid in satisfaction of all claims that were or could have been asserted by Plaintiff under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs. Plaintiff agrees that he has no future entitlement to any compensation, wages, tips, gratuities, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay or benefits, damages, attorneys' fees, or costs other than have been asserted herein and that Plaintiff shall not bring or participate in any subsequent action to the contrary. The Parties further acknowledge and agree that the Settlement Amount and the obligations set forth in Article 1 of this Agreement shall constitute full and final settlement of all past, present, and future wage and hour claims and causes of action by Plaintiff against Defendant, and all such claims and causes of action will be forever settled in their entireties.

**2. Release.**

a.  Plaintiff, on behalf of himself, and his spouse, heirs, executors, testators,

3

representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against each of the Defendants and their (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or their current or former trustees, representatives, employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releasees"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violation of the Fair Labor Standards Act (the "FLSA") and/or the New York Labor Law ("NYLL"), (c) arising under any actual or allege express or implied contract, or under any common law or for any tort, in regard to work hours overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above either presently known or unknown by Plaintiff. (The above shall be collectively referred to as "Released Claims").

**3.    Remedy for Breach.** In the event a Party fails to comply with the terms and conditions of this Agreement, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all costs associated with enforcing this Article and the Agreement overall, including but not limited to attorneys' fees, if said non-breaching Party prevails in a claim for breach of this Agreement. Further, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with proving entitlement and/or the amounts of attorneys' fees and costs to be awarded under this Paragraph. In the event Plaintiff does not receive the settlement payment, the Court shall retain jurisdiction to enforce the terms of this agreement and by letter motion by counsel for plaintiff, shall enter judgment against Defendants for the full settlement amount minus any amounts already paid.

**4.    Waiver of Reinstatement/Reemployment.** In consideration of Defendant's promise to pay the Settlement Amount, Plaintiff agrees that he will not apply to work for or seek employment or any business relationship with Defendant or any of its affiliates, parent companies, subsidiaries, or successors at any time. If Plaintiff is found to be an applicant to or employee of any of the above, whether inadvertent or otherwise on the part of Plaintiff, then Defendant or its pertinent affiliate, parent company, subsidiary, or successor, at their sole discretion, may deny or terminate such employment pursuant to this Agreement, which shall serve as an absolute affirmative defense to any liability for such act.

5. **Mutual Non-Disparagement.**

   a.      Plaintiff agrees that, at all times following the Effective Date, he shall not publish or communicate to any person or entity, or direct others to publish or communicate to any person or entity, any Disparaging (defined below) remarks, comments, or statements concerning Defendant. Plaintiff shall not be deemed to be in breach of this provision, however, by providing truthful testimony to any court or governmental agency. For purposes of this Agreement, the term "Disparaging" shall mean remarks, comments, statements, or communications (in any form, including but not limited to written, oral, or electronic) that: (i) reflect adversely upon the affairs or practices of the person or entity being remarked or commented upon or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity being remarked or commented upon. Truthful statements about the Parties' experiences in litigating their claims and defenses herein under the Fair Labor Standards Act shall not be deemed disparaging.

   b.      Defendant agrees that, at all times following the Effective Date its officers, directors, and members, shall not communicate to any person any Disparaging remarks, comments, or statements concerning Plaintiff and shall not instructor direct others to do so.

   c.      Defendant agrees that if any prospective employer of any Plaintiff shall contact Defendant for reference or recommendations, Defendant shall only confirm Plaintiff's dates of employment and positions held.

6. **No Admissions.** Plaintiff acknowledges and agrees that Defendant has entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, neither this Agreement nor the furnishing of consideration for the release intended shall be construed as an admission that Defendant or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendant or any Releasee have committed any wrong against the Plaintiff.

7. **Representations and Acknowledgements.** Plaintiff hereby represents and agrees that he: has been advised by Defendant of his rights to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; has so consulted with an individual/entity of his choice (namely, Justin A. Zeller, Esq. and/or Law Office of Justin A. Zeller, P.C.); has carefully read all of the provisions of this Agreement; has had the opportunity to have the individual/entity he consulted answer any questions he might have had; fully understands all of the provisions of this Agreement; has had a reasonable period of time to consider whether to enter into this Agreement; and is voluntarily and knowingly entering into this Agreement.

8. **Entire Agreement.** This Agreement represents the complete and full settlement of any and all overtime claims of Plaintiff against Defendant or any Releasee and fully supersedes any and all prior agreements or understandings between the Parties hereto

pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by Defendant with regard to the subject matter, basis, or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

**9.** **Capability to Waive Claim.** Plaintiff is competent to affect a knowing and voluntary release and waiver of all claims as are contained herein and to enter into this Agreement and is not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendant or to waive all claims that Plaintiff may have against Defendant.

**10.** **No Waiver.** Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**11.** **Severability.** The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendant or any Releasee.

**12.** **Jointly Drafted Agreement.** This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such party drafted or requested such provision or this Agreement as a whole.

**13.** **Applicable Law, Jurisdiction, and Venue.** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. To the extent permitted, the Parties agree that the United States District Court for the Southern District of New York, sitting in New York, New York, shall retain jurisdiction over this matter, including any purported disputes arising from enforcement of this Agreement and/or any purported breaches thereof. The Parties submit to and recognize the jurisdiction and proper venue of the courts of the State of New York, County of New York, or the United States District Court for the Southern District of New York, sitting in New York, New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Releasees, and to the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action,

or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts.

14. **No Assignment of Claims**. Plaintiff represents and warrants that he has not assigned or hypothecated any claims herein released in any manner to any person or other entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the payment of the Settlement Amount. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against the payment of the Settlement Amount.

15. **Counterpart Signatures.** This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Party. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

16. **Notice.** Any notice or other communication required or permitted to be given hereunder shall be in writing and shall be mailed by certified mail, return receipt requested, or by the most nearly comparable method of mailing from or to a location outside the United States, or by Federal Express, Express Mail, or similar overnight delivery or courier service or delivered in person to the Party to whom it is to be given at the address of such Party as set forth in this Section (or to such other address as the Party shall have furnished in writing in accordance with this Section):

Plaintiff:
Victor H. Alvarado Balderramo
c/o Law Office of Justin A. Zeller
277 Broadway, Ste. 408
New York, NY 10007-2036

Defendant:
Charles Nolen, General Manager
Taxi Tours Inc d/b/a Big Bus Tours
723 7th Ave, 5th Floor
New York, NY 10019

**THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST RELEASEES, AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD PARTY BENEFICIARIES OF THIS SETTLEMENT AGREEMENT.**

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO HIM BY COUNSEL OF HIS CHOICE, NAMELY JUSTIN ZELLER, ESQ. AND/OR LAW OFFICE OF JUSTIN A. ZELLER, P.C.; THAT HE**

FULLY UNDERSTANDSTHE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO HIM IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT HEIS SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN PLAINTIFF'S COMPLAINT. PLAINTIFF AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT HE WAS INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

\* \* \* \* \* \* \*

**IN WITNESS WHEREOF,** the Parties hereto have read the foregoing Settlement Agreement and accept and agree to the provisions contained herein and have caused this Agreement to be executed by their respective duly authorized representatives, as of the dates below.

**VICTOR H. ALVARADO BALDERRAMO**

By: _____
Victor H. Alvarado Balderramo

Dated: 11-22-19

**TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK**

By: _____

Name: Charles Wolen

Title: General Manager

Dated: 11.25.19

8